UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Christopher Morales-Reid, | Case No.: 2:23-cv-00665-APG-DJA |
|---|---|
| Plaintiff | **Screening Order** |
| v. | |
| Warden Nagera, et al., | |
| Defendants | |

*Pro se* plaintiff Morales-Reid, who is in the custody of the Nevada Department of Corrections (NDOC), has submitted a civil rights complaint under 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. ECF Nos. 1-1, 4. I will temporarily defer the matter of the filing fee. I now screen Morales-Reid's complaint under 28 U.S.C. § 1915A.

I.    **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     SCREENING OF COMPLAINT

Morales-Reid sues multiple defendants for events that took place while he was an inmate at Southern Desert Correctional Center (SDCC). ECF No. 1-1 at 1. He sues Najera, Lambert, Allen, Hernandez, John Does 1-10, and Jane Does 1-10. He brings three claims and seeks monetary, declaratory, and injunctive relief.

The complaint alleges the following: SDCC prison officials punished inmates, including Morales-Reid, under vague regulations. For example, inmates can be punished if they use language that prison officials deem objectionable. Morales-Reid was punished for using "self-language." While in a class, he asked a teacher a question and complimented her. It appears that

prison officials found his question and compliment objectionable under the prison regulations. Prison officials removed Morales-Reid from the prison drug program. Later, Allen found that the incident at the drug program was "minor" and allowed Morales-Reid to return for the next class.

Based on these allegations, Morales-Reid raises due process claims (Claim I) under the Fifth Amendment,[1] Sixth Amendment,[2] and Fourteenth Amendment, along with an Eighth Amendment claim (Claim II) and an Eleventh Amendment sovereign immunity claim (Claim III).[3]

### A.     Fourteenth Amendment Due Process

To state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *Sandin v. Conner*, 515 U.S. 472, 487 (1995). In *Sandin*, the Supreme Court held that a prisoner has a liberty interest when confinement "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484. In *Sandin*, the Supreme Court focused on three factors in determining that the plaintiff possessed no liberty interest in avoiding disciplinary segregation:

---

[1] Morales-Reid attempts to raise a Fifth Amendment due process claim. ECF No. 1-1 at 4. However, a Fifth Amendment due process claim can only be made against the federal government, not state actors. *See Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) (explaining that "[t]he Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States."). I therefore dismiss Morales-Reid's Fifth Amendment claim with prejudice, as amendment would be futile.

[2] Morales-Reid attempts to raise a Sixth Amendment claim. ECF No. 1-1 at 4. However, the Sixth Amendment provides a litany of protections for criminal defendants. *See* U.S. Const. amend. VI. Because there are no allegations in the complaint that would support a Sixth Amendment claim, I dismiss Morales-Reid's Sixth Amendment claim with prejudice, as amendment would be futile.

[3] I dismiss Morales-Reid's Eleventh Amendment sovereign immunity claim with prejudice, as amendment would be futile. The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities. *See In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005). Eleventh Amendment immunity is not a claim, but an affirmative defense that must be raised by a defendant. As an affirmative defense, Morales-Reid cannot raise a claim under sovereign immunity. Therefore, I dismiss his Eleventh Amendment claim (Claim III) with prejudice, as amendment would be futile.

(1) disciplinary segregation was essentially the same as discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment;" and (3) the length of the plaintiff's sentence was not affected. *Id*. at 486-87.

When a protected liberty interest exists and a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).

"When prison officials limit an inmate's efforts to defend himself, they must have a legitimate penological reason." *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992). An inmate's right to present witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff." *Ponte v. Real*, 471 U.S. 491, 495 (1985). Prison officials "must make the decision whether to allow witnesses on a case-by-case basis, examining the potential hazards that may result from calling a particular person." *Serrano v. Francis*, 345 F.3d 1071, 1079 (9th Cir. 2003). Despite this, an inmate has no right to cross-examine or confront witnesses in prison disciplinary hearings. *See Wolff*, 418 U.S. at 567-68.

Morales-Reid fails to state a colorable Fourteenth Amendment due process claim. In this claim, Morales-Reid fails to identify how any defendants, by name, violated his due process rights. Additionally, Morales-Reid does not explicitly state the existence of a liberty interest for which

protection is sought. He references vague prison regulations concerning inmate speech and how he was removed from a drug class, but it appears that Allen returned him to the next drug class after the removal. As such, the complaint does not state a colorable claim. However, because Morales-Reid is proceeding *pro se*, and his claims are difficult to ascertain, I will dismiss this claim without prejudice and grant Morales-Reid leave to amend.

If Morales-Reid chooses to amend this claim, he must state how each defendant, by name, infringed on his Fourteenth Amendment due process rights.

### B.  Eighth Amendment

In this claim, Morales-Reid states that being removed from the drug program constitutes "cruel and unusual punishment" under the Eighth Amendment. There are no allegations in this claim to support an Eighth Amendment claim. Morales-Reid also fails to include any defendants in this claim, and his allegations are conclusory. It also appears that this claim is closely related to Morales-Reid's Fourteenth Amendment due process claim. Therefore, I dismiss this claim without prejudice and without leave to amend.

### C.  Leave to Amend

Although I allow Morales-Reid leave to amend, it does not mean that he can amend in any way that he sees fit. He has leave to amend additional true facts to show a Fourteenth Amendment due process claim. I do not give him leave to assert new claims.

If Morales-Reid chooses to file an amended complaint, he is advised that the amended complaint replaces the complaint, so the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012)

(holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). This means that the amended complaint must contain all facts and claims and identify all defendants that he intends to sue, including the claim found colorable in this order. He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." Morales-Reid must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each claim, he should allege facts sufficient to show what each defendant did to violate his civil rights. He must file the amended complaint **by September 29, 2023**. If Morales-Reid fails to file the amended complaint curing the stated deficiencies, this action will be dismissed for failure to state a claim.

### III.   CONCLUSION

I therefore order that a decision on the application to proceed in forma pauperis (ECF No. 4) is deferred.

I further order that the complaint (ECF No. 1-1) is the operative complaint. The Clerk of Court will file the complaint and send Morales-Reid a courtesy copy.

I further order that Morales-Reid's Fifth Amendment claim (Claim I) is dismissed with prejudice, as amendment would be futile.

I further order that Morales-Reid's Sixth Amendment claim (Claim I) is dismissed with prejudice, as amendment would be futile.

I further order that Morales-Reid's Fourteenth Amendment due process claim (Claim I) is dismissed without prejudice with leave to amend.

I further order that Morales-Reid's Eighth Amendment claim (Claim II) is dismissed without prejudice without leave to amend.

I further order that Morales-Reid's Eleventh Amendment sovereign immunity claim (Claim III) is dismissed with prejudice, as amendment would be futile.

I further order that defendants Najera, Lambert, Allen, Hernandez, John Does 1-10, and Jane Does 1-10 are dismissed from the complaint.

I further order that, if Morales-Reid chooses to file an amended complaint curing the deficiencies of his complaint as outlined in this order, he will file the amended complaint **by September 29, 2023**.

I further order the Clerk of Court to send Morales-Reid the approved form for filing a § 1983 complaint and instructions for the same. If Morales-Reid chooses to file an amended complaint, he should use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

I further order that, if Morales-Reid does not file an amended complaint curing the deficiencies listed in this order **by September 29, 2023**, this action will be dismissed for failure to state a claim.

Dated: August 25, 2023

_____
U.S. District Judge